[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Aaron Pullins, appeals his conviction, following a jury trial, for robbery in violation of R.C. 2911.02(A)(2). For the following reasons, we affirm the judgment of the trial court.
In his first and second assignments of error, Pullins contests the sufficiency and the weight of the evidence to support the conviction. In reviewing a claim of insufficient evidence, an appellate court must examine the evidence presented at trial and determine whether that evidence, viewed in a light most favorable to the prosecution, could have convinced any rational trier of fact that the defendant was guilty beyond a reasonable doubt.[1] In reviewing a weight-of-the-evidence question, an appellate court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
After reviewing the record, we hold that there was sufficient evidence presented to support Pullins's conviction for robbery and that the conviction was not against the weight of the evidence. The victim testified that she was violently attacked by Pullins as she left from her apartment building. Pullins knocked the victim down and kicked her in the back and face. He also stomped on the victim's head and grabbed at her purse, but she clung tightly to it. Pullins then sat on the victim, punched her in the face and tried to pry the purse from her hands.
A neighbor testified that, when the victim screamed for help, he looked out of a second-floor window and saw Pullins beating her and trying to wrench her purse away. He called the police and then went outside to help. The man testified that he saw Pullins get up and walk away. When he saw that others were helping the victim, the man briefly pursued Pullins, but Pullins got away.
Another woman heard the victim's screams and approached Pullins and the victim. She testified that she recognized Pullins from the neighborhood. She saw Pullins get up and walk away. She briefly followed Pullins and saw him pulling off his white T-shirt, under which was a black T-shirt. The woman flagged down a police cruiser and directed the officers to Pullins. One officer ran after Pullins, while another drove to the scene of the robbery. Shortly thereafter, the police returned Pullins to the scene, where the victim and the two witnesses positively identified him as the assailant.
R.C. 2911.02(A)(2) provides in part that "[n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * inflict or attempt to inflict, or threaten to inflict physical harm on another." Pullins maintains that, while the state proved that a robbery had occurred, the state failed to prove that he was the robber. The record demonstrates that the victim and each of the witnesses had an ample opportunity to view Pullins, and that they were unwavering in their identification when the police brought him back to the robbery scene shortly after the offense. At trial, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.[3] Accordingly, we overrule both assignments of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720.
[3] State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.